**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

```
FILED
DEC 16 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

BILLY AUSTIN, #333347,

       Petitioner,

v.                            CIVIL ACTION NO. 2:08:cv135

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

**I.  STATEMENT OF THE CASE**

**A.  Background**

On March 13, 2003, Petitioner, Billy Austin ("Austin"), was convicted by a jury to one (1) count of aggravated sexual battery in the Circuit Court of Accomack County, Virginia. Austin was sentenced to serve ten (10) years in prison, six (6) months suspended, as reflected in the Court's Sentencing Order entered on

1

August 12, 2003.

On September 8, 2003, Austin noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"). On December 3, 2003, Austin filed his petition for appeal with the Court of Appeals.[1] On March 24, 2004,[2] the Court of Appeals affirmed Austin's convictions.[3] Record No. 2331-03-1.[4]

---

[1] The petition for appeal alleged the following errors:

(I) The trial court erred in admitting testimony of corroborating witnesses over defense counsel's hearsay objections. The witnesses testified that the victim had told the witnesses Austin had sexually assaulted her. The testimony was admitted pursuant to Va. Code § 19.2-268.2, which permits testimony of the "fact that the person injured made complaint of the offense recently after commission of the offense . . . not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness." Austin argued that the testimony was inconsistent regarding how soon after the alleged crime took place the victim told the witnesses.

(II) The trial court erred in not reversing the judgment and ordering a new trial because the verdict was contrary to law and against the weight of the evidence.

[2] The court entered its decision on March 3, 2004, but did not file it until March 24, 2004.

[3] In a one-judge decision, the court:

(I) denied Austin's first claim because the initial determination of timeliness was within the discretion of the trial judge and trial judge did not abuse his discretion in admitting the evidence, and thereafter the issue of timeliness was a matter of fact to be considered by the jury in weighing the evidence; and

(II) denied Austin's second claim because, based on the evidence presented at trial, the jury could conclude beyond a reasonable doubt that Austin was guilty of the charged offense.

[4] Austin did not request review by a three-judge panel of the Court of Appeals.

On April 5, 2004, Austin noted his appeal to the Supreme Court of Virginia.  For reasons not articulated in the record, however, Austin was denied his right to pursue his appeal in the Supreme Court of Virginia.

On March 31, 2005, Austin petitioned for a writ of habeas corpus in the Circuit Court alleging that he was denied his right to appeal to the Supreme Court of Virginia and alleging that the evidence at his trial was insufficient to convict him of aggravated sexual battery beyond a reasonable doubt.  On June 3, 2005, the Circuit Court held that Austin was denied his right to appeal for reasons not attributable to him and denied Austin's insufficiency of the evidence claim pursuant to the procedural bar rule of Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) (holding that non-jurisdictional claims not raised at trial or on direct appeal cannot be raised in a petition for a writ of habeas corpus in state court).  Record No. 05CL045.

On June 29, 2005, the Virginia Supreme Court granted leave to Austin to file a notice of appeal in that court.[5]  On November 21, 2005, Austin noted his appeal to the Supreme Court of Virginia.[6]

---

[5] On July 12, 2005, the Circuit Court dismissed Austin's petition for a writ of habeas corpus because the Supreme Court of Virginia granted leave for Austin to file a notice of appeal.

[6] The record before the Court lacks Austin's petition for appeal and, indeed, there appears to be some confusion in the record regarding whether the Supreme Court of Virginia received a petition for appeal.

The Circuit Court, by order entered on October 19, 2005,

On March 13, 2006, the Supreme Court of Virginia summarily refused the appeal.[7]  Record No. 052362.  Austin did not file a petition for rehearing on that decision, nor did he file an appeal in the United States Supreme Court.

On March 7, 2007, Austin, pro se, filed a second petition for writ of habeas corpus in the Circuit Court.[8]  Austin alleged that the conviction was based upon insufficient evidence and that his

---

appointed A. Theresa Bliss ("Bliss") as Austin's counsel for appeal.  Record No. CR0200004800.  Bliss filed a Notice of Appeal for Austin on November 21, 2005 in the Supreme Court of Virginia. On November 18, 2005, Bliss had written Austin a letter in which she states she submitted a Notice of Appeal and Petition for Appeal to the Supreme Court of Virginia.  On December 28, 2005, however, Patricia L. Harrington, Clerk of the Supreme Court of Virginia, wrote to Honorable Samuel H. Cooper, Jr. ("Cooper"), Clerk of the Circuit Court, noting that no petition for appeal had been filed and the time to file such a petition had passed.  Austin was copied on that letter.   Austin subsequently wrote to Cooper seeking clarification regarding his petition for appeal; the letter was filed on January 4, 2006 in the Supreme Court of Virginia.  There is no other information in the record before the Court shedding light upon the matter.

[7] The order was filed on April 4, 2006.

[8] While Austin's state petition for habeas corpus was received by the Circuit Court on March 28, 2007, the petition appears to have been executed on March 7, 2007.  This determination is based upon a notarized Certificate of Service signed by Austin, which states that Austin deposited his petition in the Buckingham Correctional Center's Institutional Mailbox, postage and fees paid, on March 7, 2007.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts:  a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.   The Court has applied this rule in considering Austin's state habeas petition as filed on March 7, 2007.

4

counsel was constitutionally ineffective.   On June 26, 2007, the
Circuit Court dismissed the petition as successive.   Record No.
07CL180.  The court held that Virginia Code § 8.01-654(B)(2), which
bars courts from granting writs of habeas corpus "on the basis of
any allegation the facts of which petitioner had knowledge at the
time of filing any previous petition," barred Austin's petition
because Austin had knowledge of the claims in the petition before
the court when he filed his first petition for a writ of habeas
corpus a year prior.  Austin did not appeal to the Supreme Court of
Virginia.

On March 17, 2008, while in the custody of the Virginia
Department of Corrections at the Buckingham Correctional Center,
Petitioner executed the instant petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.[9]   On March 18, 2008, the

---

[9] Austin appears to have originally signed and executed a
federal petition for habeas corpus on March 19, 2008.    The
petition, however, was postmarked March 17, 2008.   The petition,
accompanied by the $5.00 filing fee, was received by the United
States District Court for the Western District of Virginia, Roanoke
Division, on March 18, 2008 and was filed with that court on March
18, 2008.
    The Court notes that the United States Supreme Court
promulgated certain amendments to the Rules Governing Section 2254
Cases in the United States District Courts, which became effective
on December 1, 2004.   As amended, Rule 3(d) adopts the prison
mailbox rule with regard to § 2254 petitions.   Accordingly, the
Court recognizes the prison mailbox rule for federal habeas
petitions.   In this case, because of the factual discrepancy, this
Court will assume Austin in fact executed the instant petition on
March 17, 2008, the date the petition was postmarked.   The Court
further will assume that Austin delivered his federal habeas
petition for mailing on the date of postmark, March 17, 2008.
    Further, the Court considers Austin's petition as filed, for

5

United States District Court for the Western District of Virginia, Roanoke Division, conditionally filed Austin's petition.  By order entered on March 19, 2008, that court transferred the case to the United States District Court for the Eastern District of Virginia, Norfolk Division, because the underlying conviction occurred in the Accomack County Circuit Court, which lies in the Eastern District of Virginia.  On April 3, 2008, Austin submitted the required $5.00 filing fee to this Court, which the Court filed on August 7, 2008. On April 9, 2008, the Court ordered the petition to be filed and deemed amended to substitute the respondent as Gene M. Johnson,

---

statute of limitations purposes, on that date.  A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form.  See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.")  See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

6

Director of the Virginia Department of Corrections.   On May 9, 2008, Respondent filed a Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(k). On May 28, 2008, Petitioner filed a response to Respondent's Motion to Dismiss.   Because of various factual inconsistencies and errors, on August 4, 2008, this Court ordered Respondent to file an amended Motion to Dismiss and Rule 5 Answer.   On August 25, 2008, Respondent filed an amended Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum ("Respondent's Amended Brief") and a Notice of Motion Pursuant to Local Rule 7(k).   Austin did not file a response to the Respondent's amended pleadings.

### B.  **Grounds Alleged**

Austin now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (1)  There is insufficient evidence to uphold his conviction for aggravated sexual battery because of material inconsistencies in the testimony of the victim and witnesses.
>
> (2)  Austin's counsel was constitutionally deficient because counsel did not present material impeachment evidence to the jury.
>
> (3)  The trial court erred when it admitted hearsay testimony regarding the victim's statements to witnesses regarding the crime.
>
> (4)  The trial court erred when it did not admit evidence, discovered after trial, relating to the credibility of the victim at Austin's sentencing hearing.

## II.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Austin's petition for a writ of habeas corpus because the Court FINDS that the statute of limitations bars the petition.

Respondent asserts that Nelson's petition is barred by the statute of limitations. Respondent's Amended Brief at ¶¶ 7-9. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Austin would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on June 11, 2006, the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired, which was ninety (90) days after March 13, 2006, the date the Supreme Court of Virginia denied his petition for appeal. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, Austin had until June 11, 2007, to file his federal petition for a writ of habeas corpus. Austin's federal petition was not

8

executed until March 17, 2008,[10] which was more than nine (9) months outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time

---

[10] As noted supra, Austin's federal habeas corpus petition was executed on March 17, 2008. Though it was not filed in this Court until April 9, 2008, by application of the mailbox rule, supra, the Court considers the petition to have been filed as of the date of execution for statute of limitations purposes.

> limits upon its delivery, the court and office
> in which it must be lodged, and the requisite
> filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[11] See also Pace v. DiGugliemo, 544 U.S. 408, 417 (2005) ("we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Bennett, 531 U.S. at 9.

Respondent argues that Austin's second petition was not "properly filed" because the Circuit Court did not have jurisdiction over the successive petition pursuant to Va. Code §

---

[11]See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

8.01-654(B)(2).   Respondent's Amended Brief at ¶9.   Failing to comply with Va. Code § 8.01-654(B)(2), however, does not make a petition not "properly filed." Patterson v. Director, Virginia Dept. Of Corrections, 36 F. Supp. 2d 317, 320 (E.D. Va. 1999) (holding that successive petitions that are barred under Va. Code § 8.01-654(B)(2) may nevertheless be "properly filed" within the meaning of § 2244(d)(2)).   Patterson reasoned that because successive petitions are not absolutely barred under Virginia law, whether a successive petition is barred is a question on the merits, not a question of proper filing. See id.

In the instant case, therefore, the record reflects that Austin's second petition for state habeas relief to the Circuit Court was "properly filed" within the meaning of § 2244(d)(2). Thus, the statute of limitations was tolled for 111 days during the time that Austin's second state habeas petition was pending, from the date it was executed, March 7, 2007, until June 26, 2007, when the Circuit Court dismissed the petition.   This tolling extended the time for Austin to file a federal habeas corpus petition to October 1, 2007, which expired over five (5) months before Austin filed his instant petition on March 17, 2008.

Accordingly, having determined that the instant petition was filed more than five (5) months after expiration of the federal statute of limitations, and having considered the applicable tolling provisions to which Austin is entitled, the Court FINDS

11

that the instant petition is time-barred and recommends that it should be DENIED.

### III.   RECOMMENDATION

For the foregoing reasons, having found that Austin's four (4) claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1), the Court recommends that Austin's petition for a writ of habeas corpus be DENIED, that Respondent's amended motion to dismiss be GRANTED, and that all of Austin's claims be DISMISSED WITH PREJUDICE.

Austin has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a

copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 16, 2008

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Billy Austin, #333347
Buckingham Correction
P.O. Box 430
Dillwyn, VA 23936
PRO SE

Craig Winston Stallard
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Defendant


Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

December 16, 2008

14