**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

```
┌─────────────────────────────┐
│          FILED              │
│  ┌───────────────────────┐  │
│  │                       │  │
│  │    FEB - 2 2009        │  │
│  │                       │  │
│  └───────────────────────┘  │
│  CLERK, U.S. DISTRICT COURT │
│        NORFOLK, VA          │
└─────────────────────────────┘
```

BILLY AUSTIN, #333347,

      Petitioner,

v.                                                    ACTION NO. 2:08cv135

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

FINAL MEMORANDUM ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on March 13, 2003, in the Circuit Court of Accomack County, Virginia, for aggravated sexual battery, as a result of which he was sentenced to serve a total of ten (10) years in prison, six (6) months suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the Magistrate Judge, filed on December 16, 2008, recommended dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and

recommendations made by the magistrate judge.   On December 31, 2008, the court received Petitioner's Response & Objections To The Magistrate Judge's Report and Recommendation.   The court received no response from Respondent.

Petitioner objects to the Magistrate Judge's Report on the following ground: Petitioner did not receive a Roseboro Notice and if he had, he would have responded to Respondent's Motion to Dismiss by arguing that the statute of limitations should be equitably tolled.   Petitioner argues in his Objections that the statute of limitations period should be equitably tolled here because (1) he is "uneducated and practically illiterate"; (2) he was incarcerated at local and regional jails, which did not have law libraries, during the statute of limitations period; and (3) he is actually innocent of the charges of which he was convicted. Petitioner's Objections at 3-5.

Regarding whether Petitioner received a Roseboro Notice with the Respondent's Motion To Dismiss, the court notes that a Roseboro Notice is in the docket as Document No. 18.   The notice includes a Certificate of Service, signed by Respondent, indicating that he sent the notice to Petitioner.   Additionally, the purpose of a Roseboro Notice is to give the pro se plaintiff fair notice that a summary disposition of his case is possible and that he may file responsive pleadings.   See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).   Even assuming that Respondent did not serve Petitioner

with such notice, the court finds that the Petitioner had fair notice that Respondent filed a Motion to Dismiss and that he could file responsive pleadings. Petitioner admits that he received Respondent's Motion to Dismiss in his Objections. Petitioner's Objections at 1-2. In this case, Respondent filed a previous, erroneous Motion to Dismiss, together with a Roseboro Notice, on May 9, 2008. Petitioner responded to that erroneous Motion To Dismiss and noted in his response his right to do so under Roseboro.[1] Therefore, when Respondent filed the corrected Motion to Dismiss, on August 25, 2008, Petitioner had prior notice that he could respond to the motion. In any event, the court has considered Petitioner's claim that equitable tolling should apply, as set forth below.

Petitioner has asserted that the statute of limitations should not bar his petition because he had no library access during his state habeas petitions because he was in regional and local jail. Petitioner's Objections at 4. Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to

---

[1] The court, at the time, noted Petitioner's objections to the original Motion To Dismiss and Ordered Respondent to file a corrected Motion to Dismiss.

3

circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>Little v. United States</u>, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002). Moreover, the Supreme Court has considered the issue of equitable tolling for denial of access to the prison library and has held that denial of access should be evaluated to determine whether the prisoner had a <u>reasonable period</u> in which to access the law library. <u>Evans v. Chavis</u>, 546 U.S. 189, 200-01 (2006)(emphasis added in text); <u>see</u> <u>Maclin v. Robinson</u>, 74 Fed. Appx. 587, 589 (6th .Cir. 2003) (denying equitable tolling to a prisoner whose access to the law library was limited to 1.5 hours per week); <u>Baker v. Norris</u>, 321 F.3d 769, 771-72 (8th Cir. 2003) (denying equitable tolling to a prisoner whose library access was limited to two (2) hours at a time).

Petitioner's claims in this case of denial of access to the law library while his state habeas petitions were pending are inherently suspect, not only because Petitioner was able to file state habeas petitions while he allegedly lacked access to a library, but also because those state habeas petitions toll the statute of limitations period. <u>See</u> 28 U.S.C. § 2244(d)(2). The tolling remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court.

4

Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))). Further, to the extent that Petitioner argues he should be excused for his unfamiliarity with the legal system and his pro se status, such an argument is equally unavailing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Moreover, delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling. Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to excuse defendant's delay in order to seek legal assistance because "[defendant] has no right to legal representation in habeas proceedings"); Payne v. Rushton, 2006 WL 694744, at *5 (D.S.C. Mar. 26, 2006) (denying defendant's request for equitable tolling for late filing because law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary

5

circumstances'").

The court also notes that Petitioner contends he is entitled to equitable tolling of the statute of limitations to excuse his failure to timely file his federal habeas petition because he is actually innocent of the charges.  Petitioner's Objections at 4. In support of this assertion, Petitioner asserts that he "has presented evidence in his petition reflecting that the complaining witness has since made similar false accusations in the past, and subsequent to his trial," and he cites Schlup v. Delo, 513 U.S. 298 (1995), for the proposition that actual innocence can overcome a procedural barrier such as filing outside the statute of limitations period.  Petitioner's Objections at 4.  However, Petitioner's reliance on Schlup as support for that proposition is misplaced.  Schlup involved a state habeas petitioner facing the death penalty, whose claims were procedurally defaulted in state court, and who had filed a second federal habeas petition seeking to raise a claim of actual innocence to avoid the court's application of the procedural bar to consideration of the merits of his claims.  Schlup, 513 U.S. at 852.  By contrast, this is not a death penalty case.  Also, Schlup did not involve application of the federal statute of limitations for seeking habeas relief as is the case here.  In fact, the Supreme Court has never held that an "actual innocence" exception to the AEDPA's one-year statute of limitations applies so as to excuse a petitioner's failure to

6

timely file his federal habeas petition. <u>See, e.g.</u>, <u>Souter v. Jones</u>, 395 F.3d 577, 589, 597 (6th Cir. 2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims); <u>Bozman v. Kershaw Correctional Institution</u>, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006) (adopting the reasoning of the Fifth and Eighth Circuits, finding "that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended.") Further, the Fourth Circuit Court of Appeals continues to apply the "extraordinary circumstances" test set forth in <u>Rouse</u>, 339 F.3d at 246, in which equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>See also</u>, <u>Bozman</u>, 2006 WL 516734, at *2.

In the instant case, Petitioner has failed to timely file his petition for a writ of habeas corpus in this court. The federal petition was due to be filed by October 1, 2007 (including the applicable tolling of the statute of limitations to which he was entitled), but the petition was not executed until more than five

(5) months later, on March 17, 2008.  Indeed, Petitioner fails to offer any reason for the dilatory filing of the federal petition that would satisfy any of the three elements set forth in <u>Rouse</u>. "Under long-established principles, petitioner's lack of diligence [in pursuing his rights] precludes equity's operation." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 and n.8 (2005) (citations omitted) (assuming without deciding that the AEDPA's statute of limitations can be equitably tolled and establishing a two-part test for equitable tolling in which the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way").  Ultimately, Petitioner does not adequately support his claim of "actual innocence," and there is nothing in the record to demonstrate extraordinary circumstances beyond his control or external to his own conduct that would have prevented him from filing on time in this court.

Therefore, the court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's report, and having made <u>de novo</u> findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on December 16, 2008; and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the claims are barred by the statute of limitations.  It is further ORDERED that

8

judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Memorandum Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 2, 2009

9